# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MARCIA MUHAMMAD,         )
STEPHANIE CARTER and    )
TAJUANA MEADOWS,       )
                             )
     Plaintiffs,            )
                             )
vs.                           )    Case No.  CIV-13-0281-F
                             )
INDEPENDENT SCHOOL DISTRICT )
NO. 89 OF OKLAHOMA COUNTY   )
(commonly referred to as Oklahoma   )
City Public Schools), and        )
OKLAHOMA CITY PUBLIC       )
SCHOOLS BOARD OF          )
EDUCATION,               )
                             )
     Defendants.          )

## ORDER

Defendants, the Independent School District No. 89 of Oklahoma County (commonly referred to as Oklahoma City Public Schools), and the Oklahoma City Public Schools Board of Education, move for partial dismissal of this action.  They seek dismissal of certain claims under Rule 12(b)(6), Fed. R. Civ. P.  Plaintiffs have responded and defendants have replied.

## Summary of Action

This action alleges various state and federal claims on behalf of three plaintiffs, Marcia Muhammad, Stephanie Carter and Tajuana Meadows, each of whom is alleged to have worked at Frederick Douglass High School as a former employee of the Oklahoma City Public School System.  The action arises out of events which followed plaintiffs' public criticism of Dr. Brian Staples, the former principal of Douglass.  In

brief, plaintiffs allege they were subjected to demeaning treatment and ultimately lost their jobs at Douglass, in retaliation for exercising their free speech rights.

The governing version of the complaint in this removed action is the Second Amended Petition. Doc. no. 1-3. The First Cause of action alleges violations of plaintiffs' due process rights secured by collective bargaining agreements, by state statutes and by the Oklahoma Constitution. The Second Cause of Action alleges termination and retaliation in violation of state public policy, claims which are commonly referred to as <u>Burk</u> torts. The Third Cause of Action alleges retaliatory discharge under Article 2, § 22 of the Oklahoma Constitution, the provision which secures free speech. The Third Cause of Action also alleges claims under 42 U.S.C. § 1983 for retaliatory discharge in violation of plaintiffs' federal free speech rights. The Fourth Cause of Action alleges breach of contract based on the termination of plaintiffs' employment.

All claims are alleged against the Independent School District No. 89 of Oklahoma County ("the district" or "the school district"), as well as the Oklahoma City Public Schools Board of Education ("the board" or "the school board").

Standards

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. <i>Id</i>. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. <u>Ridge at Red Hawk</u>, 493 F.3d at 1177. In conducting its review, the

court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.

## The School Board

In proposition I of their motion, defendants ask the court to dismiss the school board on the ground that the board is not, as matter of law, a proper party.

Title 70 O.S. 2011 § 5-105 addresses the powers and authority of a school district. That statute provides that every school district is a body corporate, and that it shall possess the usual powers of a corporation for public purposes. The statute also provides that the district "may sue and be sued" in its name, which as stated in the statute is the Independent School District Number ___ (such number as may be designated by the State Board of Education) of _____ (the name of the county in which the district is located) County, Oklahoma.

The next section of the statutory scheme addresses boards of education. Title 70 O.S. 2011 § 5-106 provides that "The governing board of each school district in Oklahoma is hereby designated and shall hereafter be known as the board of education of such district." *Id*. Section 5-106 says nothing about any authority on the part of a school board to sue or be sued.

The Oklahoma legislative scheme indicates that the legislature intended school districts – not school boards – to be suable entities. Primeaux v. Independent School District No. 5 of Tulsa County Oklahoma, 2012 WL 5986793, *2 (N.D. Okla. 2012). The legislature has indicated that while a school board is the governing body, the

school district is the entity legally responsible for actions of its governing board. *Id*. Moreover, where the school district and the district's board of education are both named as defendants with respect to the same claims, as they are in this action, such claims are duplicative. *Id.*

The motion will be granted to the extent that it seeks dismissal of the school board.

GTCA Notice

In proposition II of their motion, defendants argue that a number of specifically identified state law claims should be dismissed because the notice requirements of the Oklahoma Governmental Tort Claims Act (the OGTCA) apply to these claims but plaintiffs have failed to comply with those notice requirements.

The claims challenged on this ground are plaintiffs' claims brought under the Oklahoma Constitution for violations of due process and equal protection (a portion of the First Cause of Action), claims for termination and retaliation in violation of Oklahoma public policy (the Second Cause of Action in its entirety), and claims for violations of free speech brought under Article 2, § 22 of the Oklahoma Constitution (a portion of the Third Cause of Action). Doc. no. 7, pp. 4-5. Plaintiffs' response brief does not dispute defendants' contention that the OGTCA's notice requirements apply to all of the above-described types of claims. The court finds that this aspect of the issue -- i.e. the scope of the claims challenged by proposition II of defendants' motion to dismiss -- is not in dispute.[1]

---

[1]*And see generally*, 51 O.S. 2011 § 152(14) (defining "tort" as "a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person... as the proximate result of an act or omission of a political subdivision...."; Phillips v. Wiseman, 857 P.2d 50, 53 (Okla. 1993) (OGTCA and § 1983, as applied to civil rights violations, provide a "double-barreled system" of enforcement).

The issue which *is* in dispute is whether defendants' contention that plaintiffs "have failed to comply" with notice requirements constitutes grounds for dismissal.

Compliance with the OGTCA is a jurisdictional issue because compliance determines whether plaintiffs are entitled to invoke the Act's waiver of sovereign immunity in order to pursue their claims against the district. *See*, 51 O.S. 2011 §152.1. (the state and its political subdivisions only waive their immunity to the extent, and in the manner, provided in the act); Chambers v. City of Ada, 894 P.2d 1068, 1074 (Okla. 1995) (although the city failed to raise the issue in its motion to dismiss or on appeal, the issue is jurisdictional so the Oklahoma Supreme Court was required to address it). Compliance with written notice requirements under the OGTCA is a prerequisite to suit. *See*, Shanbour v. Hollingsworth, 918 P.2d 73, 75 (Okla. 1996) (citing authority for the proposition that "the remedies provided in the OGTCA were exclusive and compliance with the notice of claim and commencement of action provisions must be had").

In ruling on a motion under Rule 12(b)(6), the court is limited to the pleadings. However, as phrased by the defendants in the title of proposition II, their motion seeks dismissal because plaintiffs "have failed to comply" with mandatory notice requirements of the OGTCA. Doc. no. 7, p. 4. This suggests a factual attack based on what plaintiffs have or have not actually done, as opposed to an attack on the sufficiency of the pleadings. Some of defendants' supporting arguments also depend on matters outside the pleadings. For example, defendants state that plaintiffs did not file their notice with the Clerk of the District's Board of Education, and that the district has not received a notice to date from any of the plaintiffs. Doc. no. 7, p. 7. Recognizing that defendants' arguments go outside the pleadings, plaintiffs argue that this issue should be determined on summary judgment. In responding to defendants'

arguments, plaintiffs also rely on matters outside the pleadings in an attempt to show that sufficient notice was given under the OGTCA.

When presented with a Rule 12(b)(6) motion which relies on matters outside the pleadings, the court may either ignore the outside matters or convert the motion to one for summary judgment. For several reasons, the court declines to convert the Rule 12(b)(6) motion to one for summary judgment.[2] The court does, however, construe the motion as seeking dismissal for lack of jurisdiction brought as a facial (as opposed to a factual) challenge to jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. The court may do so because the standards for evaluating the motion as a facial challenge to jurisdiction under Rule 12(b)(1), and for evaluating the sufficiency of a claim under Rule 12(b)(6), are essentially the same in these circumstances.[3] The court limits itself to the pleadings and disregards any statements in the parties' briefing which depend on matters outside the pleadings. The court also takes all non-conclusory factual allegations as true.

On the notice question, the Second Amended Petition alleges as follows.

_____

[2]At this point, no evidence has been submitted to support the contentions which go beyond the pleadings. The court does not know whether discovery would be necessary for briefing to be completed as a summary judgment motion. And, absent leave of court, a party is limited to one motion for summary judgment. LCvR56.1(a).

[3]In passing on a motion to dismiss, whether bringing a facial attack on the ground of lack of jurisdiction over the subject matter under Rule 12(b)(1) or whether challenging the complaint for failure to state a cause of action under Rule 12(b)(6), the non-movant enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See*, *e.g.*, Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 Moore's Federal Practice, §12.30[4] (Matthew Bender 3d ed.). Plaintiff bears the burden of alleging facts in support of jurisdiction, and mere conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999), citing Precision Co. v. Koch Industries, Inc., 971 F.2d 548 (10th Cir. 1992).

On or about December 2, 2010, the Plaintiffs submitted a claim to the State of Oklahoma pursuant to the Oklahoma Governmental Tort Claim Act in accordance with 51 Okla. Stat. §151 et seq. The State of Oklahoma did not issue notice approving or denying the claim. The claim, therefore was deemed denied under 51 Okla. Stat. § 157 on or about March 3, 2011.

Doc. no. 1-3, ¶ 3.

Plaintiffs argue that these allegations are sufficient to show, if ultimately proven, that notice was given in the manner required by the OGTCA. Accordingly, the court considers each of the phrases included in the above quoted paragraph to determine whether the allegations are sufficient with respect to notice.

Plaintiffs first allege that notice was submitted to the State of Oklahoma. Under the OGTCA, notice of a claim against the state is given to the state, whereas notice of a claim against a political subdivision is filed "with the office of the clerk of the governing body." 51 O.S. 2011 §156, D. This action is brought against a political subdivision, not the State of Oklahoma. Therefore, allegations that a claim was submitted to the State of Oklahoma are insufficient.

Plaintiffs also allege that notice was given "in accordance with 51 Okla. Stat. § 151 et seq." The court does not credit this allegation because it is conclusory and merely parrots what is ultimately a legal determination reserved to the court.

Plaintiffs next allege that the State of Oklahoma did not issue notice approving or denying the claim. Title 51 O.S. 2011 § 157 provides that a claim against a political subdivision is deemed denied if the political subdivision fails to approve the claim within ninety days. Plaintiffs' allegation that the State of Oklahoma never approved or denied their claims is immaterial because, in these circumstances, the Act requires approval or denial by the political subdivision, not the state.

The court concludes that the Second Amended Petition fails to allege that the notice required for this action to proceed against the school district has been given as required under the OGTCA. The result is that the Act's waiver of sovereign immunity, which would permit this action to proceed, is not invoked by the pleadings.

Plaintiffs also make certain arguments regarding substantial notice and lack of prejudice, but these arguments depend on matters outside the pleadings and are not considered by the court. Nor does the court consider defendants' timeliness arguments, which also depend on matters outside the pleadings.

For the above reasons, defendants' motion to dismiss the claims challenged in proposition II of their motion will be granted as a facial challenge to jurisdiction. Leave to amend will be given, however, providing plaintiffs with an opportunity to cure the deficiencies if they are able to do so under the constraints of Rule 11, Fed. R. Civ. P.

Burk Tort Claims

Proposition III of the defendants' brief seeks dismissal of plaintiffs' <u>Burk</u> tort claims alleged in the Second Cause of Action. Defendants argue that the allegations reveal plaintiffs are not at-will employees, so that a <u>Burk</u> claim is not available to them.

<u>Burk</u> only applies to at-will employees, *see*, *e.g.*, <u>Clinton v. State of Oklahoma, ex rel. Logan County Election Bd.</u>, 29 P.3d 543, 545 (Okla. 2001). Plaintiffs do not dispute this proposition. Plaintiffs argue, instead, that the Second Amended Petition alleges that the <u>Burk</u> claim "is plead and asserted only if discovery reveals that plaintiff's [sic] are employees at will." Doc. no. 1-3, ¶ 50. Plaintiffs argue that alternative theories of liability are permitted at this stage.

Although alternative allegations and theories of relief are permitted, the issues framed by the Second Amended Petition, along with the defendants' Answer to it,

reveal that there is no issue for adjudication regarding allegations which show, when read together, that none of the plaintiffs are at-will employees. *See*, *e.g.*, allegations regarding each plaintiff's position at Douglass; read in conjunction with 70 O.S. 2011 § § 6-101.40 (rights of support employees; if employed for more than one year, may be terminated for cause), § 6-101.46 (hearing rights); § 6-101.20 et seq., Teacher Due Process Act, including but not limited to § 6-101.22 (subject to provisions of the Teacher Due Process Act, a career teacher may be dismissed or not re-employed for statutory reasons).

As the pleadings frame no issue for adjudication regarding plaintiffs' status as employees who are not "at will," defendants' motion to dismiss the <u>Burk</u> tort claims will be granted.

Proposition IV of the Motion

Proposition IV of the motion to dismiss is entitled as follows. "<u>Plaintiff Carter</u> does not allege that the constitutional deprivations she suffered resulted from a policy, regulation, custom, or practice of District or from action by a final policy-maker." (Emphasis added.)

Although the title of the proposition challenges the § 1983 claim alleged by plaintiff <u>Carter</u>, the text of the proposition states as follows. "[D]efendants acknowledge that Plaintiffs Muhammad and Carter were provided hearings before District's Board of Education and that it was District's Board of Education who voted to terminate their employment. Plaintiff <u>Meadows</u> has not and cannot allege any facts demonstrating final action taken by District's Board of Education which violated her federal constitutional rights. Accordingly, <u>Plaintiff Meadow's</u> Section 1983 claims asserted against District should be dismissed." Doc. no. 7, p. 12 (emphasis added).

Plaintiffs construe proposition IV as challenging plaintiff Meadow's § 1983 claims, and they respond to it on that basis. Defendants' reply brief does not clarify

or otherwise comment on plaintiff's interpretation of proposition IV. Given the lack of clarity with regard to exactly which plaintiff's claims are challenged, the court declines to consider the sufficiency of the § 1983 claims of either plaintiff Carter or plaintiff Meadows and proposition IV will be stricken on that basis.

<u>Ruling</u>

Defendants' partial motion to dismiss is **GRANTED IN PART** and **STRICKEN** in part.

Proposition I of the motion is **GRANTED**. The Oklahoma City Public Schools Board of Education is **DISMISSED** from this action with prejudice because the Board is not a proper party.

Proposition II, construed as a facial attack on the court's jurisdiction with respect to the claims identified by the defendants is **GRANTED** to the following extent. Absent amendment, the claims challenged in proposition II of the moving brief are **DISMISSED** without prejudice for lack of jurisdiction. Leave to amend for the limited purpose of curing the insufficiencies identified in this order with respect to notice under the OGTCA is hereby given. Any Third Amended Complaint which is filed for this purpose must be filed within fourteen days of the date of this order, and must set out, in non-conclusory detail, plaintiffs' version of facts which show, if ultimately proven, that notice was given in the manner required by the OGTCA.

Proposition III of defendants' motion is **GRANTED**. The Second Cause of Action, which alleges <u>Burk</u> tort claims, is dismissed without prejudice because, as framed by the existing pleadings, undisputed allegations establish that none of the plaintiffs come within the set of at-will employees to which <u>Burk</u> applies. If, at a later stage of this case, the facts show otherwise, that issue can be raised once again on a proper and timely motion.

Proposition IV of defendants' motion is **STRICKEN** for lack of clarity.

Absent amendment, the claims which survive this order are as follows.  The First Cause of Action survives to the extent that claims are alleged against the school district for due process violations based on violations of collective bargaining agreements or state statutes.  The Third Cause of Action survives to the extent that claims are alleged against the school district under 42 U.S.C. § 1983.  The Fourth Cause of Action survives to the extent that breach of contract claims are alleged against the school district.

Dated this 17th day of May, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0281p001.wpd